IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TALITHA LACEY COMBS, aka
Talitha Lacey Randall,

      Plaintiff,                                No. 6:24-cv-1016-MC

      v.                                       **OPINION AND ORDER**

COUNTY OF LANE, A Public Agency;
ELIZABETH RAMBO, an Individual,
In Her Individual and Official Capacity as
Agent for the State of Oregon,

      Defendants.

_____

**MCSHANE, Judge**:

      Plaintiff brings fraud, due process, and IIED claims against her former employer. Plaintiff worked, very briefly, for the Lance County Circuit Court. Plaintiff worked as a law clerk and a judicial assistant. To be clear, the employment relationship was strained, nearly from day one, by irrevocable differences. Plaintiff alleges Defendants were at fault and fabricated the allegations used to terminate her employment. Defendants move to dismiss based on, amongst other deficiencies, statute of limitations grounds.

## STANDARDS

      To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual

1 – OPINION AND ORDER

allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

For the purpose of the pending motion, the parties disagree on very little. They agree that Plaintiff's claims are subject to statutes of limitations of two years. They agree that Plaintiff mailed her Complaint **_exactly_** two years to the day from the day of Plaintiff's termination. They agree the clerk filed Plaintiff's Complaint three days later. They disagree on whether the action "commenced" on the day of filing (as argued by Defendants), or on the date of mailing (as argued by Plaintiff).

Plaintiff argues "Supreme Court Rule 29 states that a complaint is timely filed 'if it is sent to the Clerk through the United States Postal Service by first-class mail . . . showing that the document was mailed on or before the last day for filing." Plaintiff's Resp. 5. As noted by Defendants, however, Plaintiff did not file this action with the Supreme Court. Rather, Plaintiff filed this action in a District Court. Therefore, the federal rules of civil procedure (and not Supreme Court filing rules) apply. Rule three provides, "A civil action is commenced by filing a

complaint with the court." Because Plaintiff did not commence this action within two years of the date of her termination, this action is untimely.

The Court notes that Plaintiff is not incarcerated. So the "mailbox rule" does not apply. Additionally, the Court sees nothing here that would establish equitable tolling. Instead, Plaintiff simply chose to wait until the day the statute of limitations ran to sign and mail her complaint to the court. These actions do not establish "(1) that [Plaintiff] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (cleaned up). This is a high bar and, generally, "the miscalculation of the limitations period by [] counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling." *Miranda v. Castro*, 292 F.3d 1063, 1067 (9th Cir. 2002) (quoting *Fry v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001); *see also Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) ("We have noted that an attorney's filing by mail shortly before a deadline expires constitutes routine negligence. We do not recognize run-of-the mill mistakes as grounds for equitable tolling because doing so would essentially equitably toll limitations periods for every person whose attorney missed a deadline." (cleaned up) (citations and quotations omitted)).

Additionally, Plaintiff argues her fraud claim is timely because she only learned later of Defendant's later actions of slandering/defaming Plaintiff to the Oregon State Bar. One problem (amongst many) for Plaintiff, however, is that she admits she can not meet the heightened pleading standards necessary for a claim for fraud. She does not know who made the statements, when they made the statements, or even if anyone made the statement at all. She merely assumes someone had to make those statements, and presumes it was one of the Defendants. Plaintiff

3 – OPINION AND ORDER

insists she will learn this information during discovery. But in making those arguments, Plaintiff merely confirms that she is unable, at this time, to state a claim for fraud based on someone's later statements (whenever they may have been made).

## **CONCLUSION**

Because Plaintiff's claims are time-barred, Defendant's Motion to Dismiss, ECF No. 22, is GRANTED. This action is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 31st day of January 2025.

_____/s/ Michael McShane_____
**Michael J. McShane
United States District Judge**